UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAY THOMAS | * | CIVIL ACTION NO. |
| VERSUS | * | JUDGE |
| CANTIUM, LLC, ET AL | * | MAGISTRATE |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

Defendant, Cantium, LLC, with full reservation of defenses, respectfully submits this Notice of Removal of a lawsuit filed by plaintiff, Jay Thomas, in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana to the United States District Court for the Middle District of Louisiana. In support of this Notice of Removal, Cantium, LLC avers as follows:

### SUMMARY OF GROUNDS FOR REMOVAL

1. This action may be removed because it arises under the laws of the United States pursuant to 28 U.S.C. § 1331. More specifically, the claims of plaintiff, Jay Thomas, involve an accident on a fixed platform and are governed by the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331, *et. seq.*, which transforms this claim into federal law for removal purposes. Therefore, this Court has federal subject matter jurisdiction in accordance with 28 U.S.C. § 1331.

2.  Additionally, plaintiff, Jay Thomas, falsely alleges Jones Act seaman status in an attempt to keep and plead his claims in state court. Plaintiff fails the test for seaman status as set forth in Chandris, Inc. v. Latsis, 515 U.S. 347, 357 (1995) and the recent En Banc decision from the Fifth Circuit Court of Appeals, Sanchez v. Smart Fabricators of Texas, L.L.C., No. 19-20506, 2021 WL 1882565, 997 F.3d 564 (5th Cir. May 11, 2021)(en banc).

**STATE COURT ACTION**

3.  On August 6, 2021, plaintiff filed suit against Cantium, LLC and an insurance company to be named later in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana. A true and correct copy of plaintiff's Original Petition is attached hereto.

4.  Plaintiff served Cantium, LLC with process on August 18, 2021. The citation was served with a copy of the Original Petition. A true and correct copy of the citation and return of service is attached hereto.

**JURISDICTION OF THIS COURT**

5.  Plaintiff filed his Original Petition in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. This Court is the District Court of the United States for the Judicial District and Division that embraces the place where the State Court Action is pending.

Therefore, this case is properly removed to the United States District Court for the Middle District of Louisiana. 28 U.S.C. § 1441(a).

**GROUNDS FOR REMOVAL**

6. Plaintiff, Jay Thomas, contends he was injured on June 6, 2021 while working as a sandblaster for Apache Industrial Services, Inc. on an offshore oil production platform located in the Gulf of Mexico and which was owned and operated by defendant, Cantium, LLC.[1]

A.  **FEDERAL QUESTION (OCSLA)**

7. The platform upon which Jay Thomas claims to have been injured on June 6, 2021 was Main Pass 41-B, which is a fixed platform structure on the Outer Continental Shelf off the coast of Louisiana.[2]  This facility conducted operations on the Outer Continental Shelf involving development and production of the minerals of the subsoil and seabed of the Outer Continental Shelf.  Accordingly, plaintiff's claims against Cantium, LLC, the owner and operator of the platform, are governed by the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1331, *et. seq.*

---

[1] Exhibit 1, Plaintiff's Original Petition

[2] Exhibit 2, Cantium Near Miss Report referencing Location as "MP 41 B"

8.  Since plaintiff's claims are governed by the Outer Continental Shelf Lands Act, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. See <u>Hufnagel v. Omega Service Industries, Inc.</u>, 182 F.3d 340 (5th Cir. 1999); <u>Tennessee Gas Pipeline v. Houston Casualty Insurance Company</u>, 87 F.3d 150 (5th Cir. 1996), *rehearing en banc denied*, 95 F.3d 115 (5th Cir. 1996).

B.  **PLAINTIFF IS NOT A JONES ACT SEAMAN**

9.  Thomas has not sued Cantium, LLC as his employer, nor does he assert claims against Apache for negligence as his Jones Act employer. Therefore, the petition is void of any claims asserted under the Jones Act, even though plaintiff alleges he is a seaman. Cantium submits this allegation is made for the sole purpose of attempting to defeat removal. Plaintiff's conclusory allegations and legal conclusions regarding his seaman status are not supported by factual allegations, and therefore should be disregarded.

10. In order to be recognized as a seaman under the Jones Act, the employee claiming status must meet a two-prong test: first, the employee's duties must contribute to the function of the vessel or to the accomplishment of its mission; and second, the employee must have a connection to a vessel or an identifiable group of vessels in navigation that is substantial in both nature and duration. <u>Chandris</u>,

Inc. v. Latsis, 515 U.S. 347, 357 (1995). The recent case of Sanchez v. Smart Fabricators of Texas, L.L.C., added on to the analytical framework of the "substantial in nature" element set forth in Chandris by mandating additional questions for courts to consider, namely: (1) Does the worker owe his allegiance to the vessel, rather than simply a shoreside employer? (2) Is the work sea-based or involve seagoing activity? (3)(a) Is the worker's assignment to a vessel limited to performance of a discrete task after which the worker's connection to the vessel ends, or (b) Does the worker's assignment include sailing with the vessel from port to port or location to location? Sanchez supra., 997 F.3d 564 (5th Cir. May 11, 2021)(en banc).

11. Plaintiff Jay Thomas was assigned to the Main Pass 41-B fixed platform by his employer, Apache Industrial Services, to perform certain sandblasting duties.[3] The MP 41-B platform is not a vessel as it is permanently fixed in the water of the outer continental shelf, more than three miles offshore. Plaintiff and the other members of the Apache sandblasting crew utilized the services of a lift boat for transportation to and from the MP 41-B platform, but, other

---

[3] Exhibit 3, Jay Thomas' Apache Industrial Services Daily Charge Tickets, June 3-6, 2021

than this minor link, they had no discernible connection to a vessel in navigation.[4] Plaintiff worked only one job for Apache which lasted for one week on the MP 41-B platform, thus he fails the duration prong of Chandris.[5]

12. With the new considerations promulgated in Sanchez, plaintiff owes his allegiance to his shoreside employer, Apache, and not a vessel. While his work involves going to sea it is not "sea-based". Plaintiff's assignment to the MP 41 B platform was limited to the performance of a discrete task: sandblasting on the platform structure. For these reasons, plaintiff is not a Jones Act seaman. He has not asserted any claims against the defendant under the Jones Act, nor any maritime claims under the Savings to Suitors Clause against Cantium, LLC. As such, this case may be properly removed to federal court.

PROCEDURAL REQUIREMENTS

13. This Notice of Removal satisfies the requirements of 28 U.S.C. § 1446 for proper removal, as set forth below.

14. Removal to Proper Court. This Court is the District Court of the United States for the Judicial District and Division

---

[4] Id.

[5] Id.

that embraces the place where the state court action is pending. 28. U.S.C. § 1441(a).

15. Timely Removal. The Original Petition was served on Cantium, LLC on August 18, 2021. This Notice of Removal is being filed with the United States District Court for the Middle District of Louisiana within thirty days of Cantium, LLC's receipt of the Original Petition. 28 U.S.C. § 1446(b)(1).

16. Notice. Attached as Exhibit 4 is a copy of the *Notice to Plaintiff of Notice of Removal*, which will be promptly served upon plaintiff's counsel and filed with the Clerk of the District Court of the Parish of East Baton Rouge, Louisiana. 28 U.S.C. § 1446(d). Cantium, LLC will also file with the Clerk of the District Court for the Parish of East Baton Rouge, Louisiana a *Notice of Filing of Notice of Removal*, which is attached hereto as Exhibit 5. 28 U.S.C. § 1446(d).

17. State Court Documents. Copies of all state court pleadings, processes, and orders served upon Cantium, LLC are attached hereto.

18. Consent to Removal. Defendant in this action, Cantium, LLC, is the only party to the lawsuit and therefore no consent to removal is required.

19. Jury Demand. Defendant demands a trial by jury.

20. <u>No Bond or Verification Required</u>.  Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal, and this Notice of Removal need not be verified.

21. Upon information and belief, to date, no other pleadings, processes, or orders have been served or entered in the State Court Action.  Except for plaintiff's Original Petition, Cantium, LLC does not have access to any other pleadings that have been filed.

## CONCLUSION

For the reasons stated herein, this Court has federal subject matter jurisdiction in this matter in accordance with 28 U.S.C. § 1331 and 28 U.S.C. 1441(a).  Accordingly, this action should proceed accordingly in the United States District Court for the Middle District of Louisiana as it has been properly removed thereto.

Date: September 13, 2021.

Respectfully Submitted,

MAHTOOK & LAFLEUR, L.L.C.

BY: _____
CHARLES A. MOUTON (17721)
JARED L. FOTI (32813)
P. O. Box 3089
Lafayette, LA  70502
600 Jefferson Street
Suite 1000 (70501)
Phone : (337)266-2189
E-mail: cmouton@mandllaw.com
        jfoti@mandllaw.com

Counsel for Counsel for Cantium, LLC

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

(   ) Hand Delivery          (   ) Prepaid U. S. Mail

(   ) Facsimile              ( X ) CM/ECF System

Lafayette, Louisiana this 13th day of September, 2021.

_____
CHARLES A. MOUTON