UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAY THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-526-BAJ-RLB** |
| **CANTIUM, LLC** | |

## ORDER

Before the Court is Defendant's Motion to Compel filed on December 6, 2022. (R. Doc. 10). The motion is opposed. (R. Doc. 16).

For the following reasons, the instant Motion to Compel is denied.

**I.    Background**

In this action, Jay Thomas ("Plaintiff"), seeks recovery for, among other things, back and shoulder injuries as a result of a fall while sandblasting on an offshore platform. (R. Doc. 1-2).

On September 13, 2021, Cantium, LLC ("Defendant") removed this action, asserting that the action falls under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, and, accordingly, the Court can exercise federal question jurisdiction, 28 U.S.C. §1331. (R. Doc. 1).

On November 5, 2021, the Court issued a Scheduling Order setting, among other things, the deadline to complete non-expert discovery on September 15, 2022. (R. Doc. 6).

On December 8, 2021, Defendant served written discovery requests on Plaintiff. (R. Doc. 10-2). Defendant represents that Plaintiff responded to the discovery on January 7, 2022. (R. Doc. 10-1 at 2).

At issue in the instant motion is Interrogatory No. 15, which sought Plaintiff to "state the names and addresses of all doctors, physicians, surgeons, chiropractors, nurse practitioners and osteopaths who have examined [Plaintiff] for any injury or illness _prior to_ the alleged occurrence." (R. Doc. 10-2 at 6) (emphasis in the original). Defendant represents that Plaintiff

responded to Interrogatory No. 15 as follows: "Plaintiff objects to this interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, without waiver of same, Plaintiff has no responsive information at this time, but reserves the right to supplement." (R. Doc. 10-1 at 2).

Discovery closed on September 15, 2022. The parties did not file any timely discovery motions, or otherwise seek an extension of the non-expert discovery deadline. Nevertheless, it appears that the parties agreed, as allowed under Local Rule 26(d)(1), for Plaintiff's deposition to take place on September 22, 2022 (one week after the close of discovery). (*See* R. Doc. 16-1). At the deposition, Plaintiff was unable to identify his previous physicians who treated him with respect to a 1998 incident at Exxon (24 years ago) and a 2008 incident at Pennzoil (14 years ago). (R. Doc. 10-1 at 2-3; R. Doc. 10-3). Counsel for the parties then had a telephone conference to discuss the instant discovery dispute on November 7, 2022. (R. Doc. 10-1 at 3).

Defendant seeks to compel a full response to Interrogatory No. 15 on the basis that Plaintiff's objections are meritless and constitute "an attempt to prevent the defendant from gathering pertinent information concerning plaintiff's past medical treatment." (R. Doc. 10-1 at 3). In opposition, Plaintiff maintains the objections to Interrogatory No. 15 are appropriate given that he is 56 years old, the interrogatory is not limited in its time period or the nature of the treatment (i.e., it seeks information regarding <u>any</u> prior illness or injury over the past 56 years), and the specific examples of physicians sought by Defendant involve incidents that occurred 14 or 24 years ago. (R. Doc. 16 at 1-4). Plaintiff's counsel also asserts that in light of this dispute, he has been diligently attempting to locate Plaintiff, who has no permanent place of residence, with no success. (R. Doc. 16 at 4).

## II.     Law and Analysis

The instant Motion to Compel was untimely filed after the September 15, 2022 deadline to complete non-expert discovery and file any discovery related motions. Local Rule 26(d)(1) provides that the parties may conduct unopposed discovery after the deadline, but that any discovery motion must be filed before the expiration of the discovery deadline. Specifically, the local rules provides:

> Unopposed discovery may continue after the applicable deadline for discovery contained in the scheduling order, provided that discovery does not delay other pretrial preparations or the trial setting. **Absent exceptional circumstances, no motions relating to discovery, including motions under Fed. R. Civ. P. 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within seven days after the discovery deadline and pertain to conduct during the final seven days of discovery.**

LR 26(d)(1) (emphasis added). The instant Motion to Compel was filed nearly three months after the close of non-expert discovery, as well as after the exchange of the parties' expert reports.

To be clear, Defendant was aware of the instant discovery dispute since it received Plaintiff's discovery responses on January 7, 2022. Defendant did not act diligently by seeking appropriate relief from the Court prior to the September 15, 2022 deadline. Instead, Defendant waited until September 22, 2022 to complete Plaintiff's deposition, waited until November 7, 2022 to hold a discovery conference regarding Interrogatory No. 15, and then waited until December 6, 2022 to file the instant Motion to Compel. While it is fine for the parties to agree to conduct discovery after the Court's deadlines as allowed by Local Rule 26(d)(1), disputes regarding such unopposed discovery is not subject to any relief from the Court.

Defendant did not seek or obtain an extension of the discovery deadline to be allotted the opportunity to conduct Plaintiff's deposition (or any additional discovery) after the September 15, 2022 deadline to complete non-expert discovery. "[I]f the conduct of a respondent to

discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril." *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001). For the foregoing reasons, the Court will deny the instant Motion to Compel as untimely. *See* LR 26(d)(1); *see also Wells,* 203 F.R.D. 240, 241; *Days Inn Worldwide, Inc. v. Sonia Investments,* 237 F.R.D. 395, 396-99 (N.D. Tex. 2006) (motion to compel was untimely filed wo weeks after the discovery deadline; motion should have been filed within discovery deadline) (collecting cases).

Finally, the Court agrees with Plaintiff that as written, Interrogatory No. 15 is overly broad given that the interrogatory is not temporarily limited. *See* Fed. R. Civ. P. 26(b). Furthermore, contrary to Defendant's assertions, it is reasonable that Plaintiff would not remember the names of physicians he treated with 14 or 24 years in the past. The record does not support a finding that Plaintiff purposely withheld the names of previous healthcare providers at his deposition. Defendant had the opportunity to obtain relevant medical records through medical releases, third-party discovery, etc., during the course of discovery.

### III. Conclusion

Based on the forgoing,

**IT IS ORDERED** that Defendant's Motion to Compel (R. Doc. 10) is **DENIED**.

Signed in Baton Rouge, Louisiana, on December 30, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**